Bennet G. Kelley (SBN 177001)
INTERNET LAW CENTER LTD.
222 W. 6th Street
Suite 400
San Pedro, California 90731
Telephone: (310) 452-0401
Facsimile: (702) 924-8740
bkelley@internetlawcenter.net

Attorneys for Defendant
CLAIRE CONTRERAS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AVEL BACUDIO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLAIRE CONTRERAS,<br><br>　　　　Defendant. | Case No.: 2:24-cv-00628-DDP-PD<br><br>**DEFENDANT CLAIRE CONTRERAS' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1030; DECLARATION OF BENNET G. KELLEY; PROPOSED ORDER**<br><br>Hearing Date: June 28, 2024<br>Courtroom: 8A<br>Time: 10:30 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 28, 2024, at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8A of the Honorable Josephine L. Staton, located at 350 West 1st Street, Los Angeles, California, 90012,

1

Defendant Claire Contreras ("Maharlika") will and hereby does move this court for an Order requiring Plaintiff Avel Bacudio to post an undertaking in the suggested amount of $145,000.00 pursuant to California Code of Civil Procedure § 1030. Defendant Maharlika relies upon this Motion, the attached memorandum of points and authorities, the attached declarations, the papers and pleadings on file in this action, and any oral argument permitted by this Court.

Pursuant to Local Rule 7.3, this Motion is made following the conference of counsel which took place from April 19-22.  (Declaration of Bennet G. Kelley at ¶ 2.)

Dated:  May30, 2024

Respectfully submitted,

INTERNET LAW CENTER LTD.

BY: /s/ bennet g. kelley

Bennet G. Kelley
222 W. 6th Street
Suite 400
San Pedro, California 90731

Attorneys for Defendant
CLAIRE CONTRERAS

Table of Contents

I.   INTRODUCTION ........................................................................................................... 1
II.  THE COURT HAS AUTHORITY TO REQUIRE THAT PLAINTIFF POST A BOND ....... 2
III. DEFENDANT SATISFIES BOTH REQUIREMENTS UNDER  SECTION 1030 ............ 3
   A.  *Plaintiff Resides in the Philippines* ........................................................................ 3
   B.  *Defendant Has a Reasonable Probability of Success* ............................................. 3
   C.  *The Bond Requested is Conservative and Reasonable* .......................................... 6
   D.  *The Bond Will Not Deprive Plaintiff Access to the Courts* ..................................... 8
IV.  CONCLUSION ............................................................................................................ 10

# Table of Authorities

**Cases**

*AF Holdings LLC v, Navasca,* No. C-12-2396 EMC, 2013 WL 450383, at *2 (N.D. Cal. Feb. 5, 2013) .................................................................................................................................. 4
*Chacon v. Litke*, 181 Cal.App.4th 1234, 1260 (2010) ............................................................ 6
*Fernandez v. Victoria Secret Stores*, LLC, No. CV 06-04149 MMM (SHx), 2008 WL 8150856, at *15 (C.D. Cal. July 21, 2008) ................................................................................................. 8
*Gabriel Technologies Corp. v. Qualcomm, Inc.*, No. 08-CV-1992, 2010 U.S. Dist. LEXIS 98229, 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010). ................................................................. 4
*GmbH v. Cloud Imperium Games Corp.*, 2019 WL 4149337, at *2 (C.D. Cal. July 22, 2019) ....... 4
*ITN Flix, LLC v. Hinojosa*, Case No.: 2:14-CV-08797-ODW (AGRx), at *3-4 (C.D. Cal. Mar. 2, 2020).
*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) ................................................. 7
*Ketchum v. Moses,* 24 Cal. 4th 1122, 1131-34 (2001) ................................................................. 6
*Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996) ................................................. 6
*Pittman v. Avish Partnership*, 2011 U.S. Dist. LEXIS 59992, 2011 WL 9160942, *1 (C.D. Cal. June 2, 2011 ........................................................................................................................... 8
*Lakim Indus., Inc. v. Linzer Prods. Corp.*, No. 2:12-cv-04976-ODW(JEMx), 2013 WL 1767799, at *8 (C.D. Cal. Apr. 24, 2013), *aff'd*, 552 F. A'ppx 989 (Fed. Cir. 2014). ................................... 8
*Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) ............... 2, 9

**Statutes**

Cal. Civ. Proc. Code § 425.16(c) .............................................................................................. 6
California Code of Civil Procedure (CCP) § 1030 .......................................................... passim

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Avel Bacudio ("Bacudio"), who is a citizen of the Philippines and resides in Quezon City, Philippines, brings this defamation action against Defendant Claire Contreras ("Maharlika"), a California citizen residing in Los Angeles.[1] On May 14, 2024, Defendant Maharlika filed a Special Motion To Strike Plaintiff's Complaint (Docket #19) (hereinafter "Anti-SLAPP Motion"), arguing that the case should be dismissed since Bacudio was a public figure bringing a claim arising from Maharlika's protected activity on a matter of public concern and Bacudio could not show malice.[2] Accordingly, Maharlika brings this instant motion requiring that Bacudio post an undertaking under California Code of Civil Procedure § 1030, as Bacudio is a foreign plaintiff and Maharlika is a California citizen with a reasonable probability of obtaining a judgment in this action.

## I. INTRODUCTION

Defendant is a Filipino-American video blogger based in Los Angeles who, since 2015, broadcasts Boldyak TV via YouTube and social media channels under the moniker Maharlika Boldyakera.[3] Maharlika speaks out against corruption in the Philippines and has become a vocal critic of current President Ferdinand Marcos,

---

[1] Complaint at ¶ 4.

[2] See e.g., Anti-SLAPP Motion at Pg. 28:13-24.

[3] Anti-SLAPP Motion at Pg. 1:15-18.

Jr. despite being a former supporter.[4]  This Complaint arises from the fact that when Maharlika discovered that Plaintiff was participating in this corruption, she used her platform to speak out against her one-time friend for his involvement in bribery and kickbacks.

## II.   THE COURT HAS AUTHORITY TO REQUIRE THAT PLAINTIFF POST A BOND

"[F]ederal district courts have the inherent power to require plaintiffs to post security for costs." *Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). A federal district court "follow[s] the forum state's practice" when deciding whether it is appropriate to require security. *Id.* California Code of Civil Procedure (CCP) § 1030(a) governs and provides that "[w]hen the plaintiff in an action or special proceeding resides out of state, or is a foreign corporation, the defendant may at any time apply . . . for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees." A request for an order requiring security should be granted if "there is a **reasonable possibility** that the moving defendant will obtain judgment in the action." *Id.* at § 1030(b) (emphasis added).

If the court determines grounds for the motion have been established, the court shall order that the plaintiff file the undertaking as security no later than

---

[4] *Id.* at Pg. 1:18 – 2:12.

thirty (30) days after service of the court order. *Id.* at § 1030(c) and (d). If the plaintiff fails to post the undertaking, the action shall be dismissed. *Id.* at § 1030(d).

### III. DEFENDANT SATISFIES BOTH REQUIREMENTS UNDER SECTION 1030

**A.** *Plaintiff Resides in the Philippines*

There can be no dispute that Defendant meets the first requirement under Section 1030 that a plaintiff "resides out of the state" since paragraph four of the Complaint spells it out:

> [t]he parties are of diverse citizenship. Plaintiff is a citizen of the Philippines and resides in Quezon City, Philippines. Plaintiff is informed and believes that Defendant is a citizen of the State of California and a resident of Los Angeles, California.[5]

Plaintiff is not merely out of state but is 7,380 miles away on a separate continent, in a separate country with a separate legal system.

**B.** *Defendant Has a Reasonable Probability of Success*

To satisfy the requirements of Section 1030(b), Defendant is not required to show there is "no possibility" that plaintiff could win, but rather need only show that

---

[5] *See also* Anti-SLAPP Motion at Pg. 1:15-18.

she has a "reasonable possibility" of prevailing "but no more." *See Gabriel Technologies Corp. v. Qualcomm, Inc.*, No. 08-CV-1992, 2010 U.S. Dist. LEXIS 98229, 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010). This standard, is a "relatively low one." *GmbH v. Cloud Imperium Games Corp.*, 2019 WL 4149337, at *2 (C.D. Cal. July 22, 2019); *see AF Holdings LLC v, Navasca,* No. C-12-2396 EMC, 2013 WL 450383, at *2 (N.D. Cal. Feb. 5, 2013) ("reasonable possibility" is a lower threshold than "reasonable probability or likelihood").

As evidenced by Defendant's Anti-SLAPP Motion, and the evidence in the record, and referenced in this Motion, Defendant has at the very least, a reasonable possibility of judgment in her favor. In fact, Defendant's likelihood of success is overwhelming. Defendant's alleged statements regarding Plaintiff fall squarely within the speech that California's anti-SLAPP law was specifically designed to protect and Plaintiff, as a public figure, cannot demonstrate malice.

Rather than repeat all of the arguments made in the Anti-SLAPP Motion, Defendant incorporates those arguments into the instant Motion by reference and as summarized briefly below. The arguments contained in the Anti-SLAPP Motion demonstrate that she has clearly demonstrated the requisite "reasonable probability" that she will secure judgment against Plaintiff since:

(i) Maharlika, as an award-winning video blogger reaching nearly 300,000 subscribers who speaks out on political corruption, was engaging in protected speech on a matter of public interest;[6]

(ii) Bacudio, because of his work and alignment with the Marcos family, today is a "household name" in the Philippines and therefore a "public figure" who has invited the public scrutiny that comes with it for purposes of a First Amendment analysis;[7]

(iii) Bacudio cannot show that Maharlika's statements that he gave Rep. Sandro Marcos a Rolex were made with malice because he bragged to three separate individuals about his purchase of a Rolex watch for Sandro Marcos and three confirmed this under oath – including Defendant;[8]

(iv) Bacudio cannot show that Maharlika's statements about him receiving kickbacks were made with malice because her statements were based on Plaintiff's own words and two other people with knowledge (one of whom signed a sworn statement to this fact);[9] and

---

[6] Anti-SLAPP Motion at Pg. 8:5-9:28; *see also* Declaration of Claire Contreras in Support of Motion to Strike (Docket #19-1 ) at ¶¶ 6-9.

[7] Anti-SLAPP Motion to Strike at Pg. 10:4 –12:2.

[8] *Id*. at Pg. 18:13-19:28.

[9] *Id*. at Pg. 20:2-21:18.

5
DEF. CONTRERAS' MOTION FOR AN UNDERTAKING

    (v)    Bacudio also cannot show that statements about his financial condition or his obtaining travel visas with the help of First Lady Marcos were made with malice since he admitted this to Maharlika.[10]

C.    *The Bond Requested is Conservative and Reasonable*

Should Defendant prevail on its Anti-SLAPP motion, the statute provides that "a prevailing defendant on a special motion to strike *shall be entitled* to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c) (emphasis added). This includes fees to establish and defend the fee claim and appellate fees and costs. *ITN Flix, LLC v. Hinojosa*, Case No.: 2:14-CV-08797-ODW (AGRx), at *3-4 (C.D. Cal. Mar. 2, 2020).

The customary method of determining reasonable attorneys' fees, including fee awards on anti-SLAPP motions to strike, is known as the "lodestar" method. *See Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996); *Ketchum v. Moses,* 24 Cal. 4th 1122, 1131-34 (2001). The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales,* 96 F.3d at 363. The resulting "lodestar" figure is presumptively reasonable. *Id.* at 364 n. 8.[11] In addition, a court

---

[10] *Id.* at Pg. 21:19 -23:16.

[11] "The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates". *Chacon v. Litke*, 181 Cal.App.4th 1234, 1260 (2010).

may increase or decrease the lodestar amount based on factors such as the experience, reputation, and ability of the attorney; the quality of the representation; the novelty and complexity of the issues; and the results obtained. *Laffitte v. Robert Half Intern. Inc.,* 1 Cal.5th 480, 489 (2016); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

Defendant estimates that the prosecution of this motion and any appeal would require approximately 174 hours of attorney time consisting of (i) 80 hours for the current motion; (ii) 19 hours for reply briefing and oral argument; (iii) 16 hours for the fee petition; and (iv) 75 hours on any appeal.[12] The table below represents the Lodestar results based on Defendant's counsel's hourly rate (which is a below market rate); the partner rate for Los Angeles which is based on a recent Wolters Kluwer ELM Solutions survey appearing in American Lawyer ("AmLaw Rate"); and the U.S. Attorney's Office for the District of Columbia's Laffey Matrix and its more conservative successor Kirkpatrick Matrix.[13] *See Lakim Indus., Inc. v. Linzer Prods. Corp.*, No. 2:12-cv-04976-ODW(JEMx), 2013 WL 1767799, at *8 (C.D. Cal. Apr. 24, 2013) (referring to the Laffey Matrix as "additional guidance" on the reasonableness of the proposed hourly rates and noting that the Laffey Matrix "has

---

[12] Declaration of Bennet G. Kelley at ¶¶ 7-8 (hereinafter "Kelley Decl").

[13] *Id.* at ¶¶ 9-14 (the Kirkpatrick matrix is comparable to rates for midsize firms in Los Angeles and the Laffey Matrix is comparable to rates for large firms in Los Angeles with each being somewhat lower than actual market conditions). The table, however, does not adjust for the higher costs in Los Angeles.

been cited with approval by other courts in this Circuit"), *aff'd*, 552 F. A'ppx 989 (Fed. Cir. 2014).[14]

|  | Discounted Rate | AmLaw Rate | Kirkpatrick Matrix | Laffey Matrix |
|---|---|---|---|---|
|  | $520 | $896 | $805 | $1,057 |
| 174 Hours | $90,350 | $154,164 | $140,070 | $183,918 |

In this case, the $145,000 bond sought is conservative as the amount is between the Kirkpatrick Matrix and the AmLaw Rate for Los Angeles partners and does not include any cost of living adjustment or any multiplier despite counsel's 30-years of experience, the complexity of this case involving witnesses on separate continents, exhibits in multiple languages and the politics of a foreign country.[15]

D.   *The Bond Will Not Deprive Plaintiff Access to the Courts*

The Ninth Circuit has articulated three factors to consider in awarding a security bond "to avoid depriving a plaintiff of access to the courts by a security bond requirement." *See Pittman v. Avish Partnership*, 2011 U.S. Dist. LEXIS 59992, 2011 WL 9160942, *1 (C.D. Cal. June 2, 2011). Those factors are: "(i) the degree of

---

[14] Courts typically adjust the rates in the Laffey Matrix upward to account for the higher cost of living and price of legal services in California. *See Fernandez v. Victoria Secret Stores*, LLC, No. CV 06-04149 MMM (SHx), 2008 WL 8150856, at *15 (C.D. Cal. July 21, 2008) (noting that where the Laffey Matrix has been disapproved it was because it was too low in adjusting Laffey Matrix upward by 4.37% due to cost of living differential between Los Angeles and District of Columbia).

[15] *Id*. at ¶¶ 3-6, 15-16.

probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet East Associates., 37 F.3d at 574.*   The court also may consider (i) the absence of attachable property within the district; (ii) the conduct of the parties; and (iii) Plaintiff's ability to post a bond.  *Id.* at 576.

Here Defendant Maharlika has not only demonstrated a probability of success but also that this Complaint (and its parallel state action) is primarily an act of political retribution and not a bona fide claim.[16]  Maharlika also has demonstrated that the amount of the bond requested is reasonable and does not include all of her fees and costs.[17]  Requiring a bond under such circumstances protects Defendant from sham litigation, especially since Defendant Bacudio is based in the Philippines and has no assets within this jurisdiction.

The issuance of a bond here also will not burden Plaintiff so as to deprive it of access to the courts. Plaintiff's Complaint details how remarkably successful he is, and he has managed to hire a prominent firm with "900 lawyers in offices in the

---

[16] Contreras Decl. at ¶¶ 15-25, 64.
[17] See Kelley Decl. at ¶ 7.

U.S., UK and Asia."[18]  In addition, posting such a bond will only cost a few thousand dollars which should be nothing to someone of Plaintiff's stature.[19]

## IV. CONCLUSION

California Code of Civil Procedure § 1030 provides that a Plaintiff shall be required to post an undertaking to secure expected costs and fees if that Plaintiff does not reside in the State of California and there is a reasonable possibility that Defendant will obtain a favorable judgment. Plaintiff resides in the Philippines and Defendant Maharlika has shown that there is – at the very least – a reasonable possibility that she will obtain judgment in the instant matter.  As such, Plaintiff should be required to post an undertaking sufficient to secure an eventual award of costs and fees. Defendant has estimated that her fees and costs incurred by the time the Motion to Strike is heard will likely approach or exceed $145,000.[20]  Thus, she requests an undertaking in that amount.

---

[18] Complaint at ¶¶ 13-23; Kelley Decl. at ¶ 17..

[19] Kelley Decl. at ¶ 18.

[20] In the event that the Court dismisses the case at the hearing on the Anti-SLAPP Motion,  this Motion will not be moot unless the Plaintiff stipulates, at that time, that he will not appeal the dismissal.

| | | |
|---|---|---|
| Dated: May 30, 2024 | | Respectfully submitted, |
| | | INTERNET LAW CENTER LTD. |
| | | BY: /s/ bennet g. kelley |
| | | Bennet G. Kelley<br>222 W. 6th Street<br>Suite 400<br>San Pedro, California 90731 |
| | | Attorneys for Defendant<br>CLAIRE CONTRERAS |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States, certifies that this brief contains 2,224 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 30, 2024

Respectfully submitted,

INTERNET LAW CENTER LTD.

BY: /s/ bennet g. kelley

Bennet G. Kelley
222 W. 6th Street
Suite 400
San Pedro, California 90731

Attorneys for Defendant
CLAIRE CONTRERAS

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Internet Law Center Ltd. and that on this 30th day of May, 2024, I caused the document(s) entitled:

DEFENDANT CLAIRE CONTRERAS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1030; DECLARATION OF BENNET G. KELLEY; PROPOSED ORDER

and all attachments thereto to be served by the Court's CM/ECF system.

Dated: May 30, 2024            BY: /s/ bennet g. kelley
                                    Bennet G. Kelley

**ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4**

I, Bennet G. Kelley, am the ECF User whose identification and password are being used to file this document. Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  May 30, 2024         BY: /s/ bennet g. kelley
                                                  Bennet G. Kelley